# EXHIBIT K

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY ROGERS, on behalf of herself and all others similarly situated, | ) ) | CASE NO. 5:11-CV-01103 |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'** |
| PALLADIUM CARE, INC. d/b/a HOMEWATCH CAREGIVERS et al., | ) ) ) | **SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR** |
| Defendants. | ) ) | **ADMISSION** |
| | ) | |

Defendants Palladium Care, Inc. d/b/a Homewatch Caregivers and Paul Bonacuse (collectively, the "Defendants") object to and answer Plaintiffs' Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admission ("Discovery Requests") as follows:

## GENERAL OBJECTIONS

Defendants make the following General Objections to Plaintiffs' Discovery Requests. The general objections set forth below are not intended to limit the specific objections stated in response to any particular answer. The general objections apply to all Interrogatories, Requests for Production of Documents, and Requests for Admission notwithstanding that they might be repeated in full or in part in response to a particular discovery request. Defendants' discovery in connection with this lawsuit is continuing. The following objections and answers are based upon information and documents available to and located by Defendants and their attorneys to date. Defendants have not completed their discovery in this action, and have not completed their preparation for trial. As a result, Defendants' answers are given without prejudice to their right

to amend or supplement their answers after considering additional information obtained through further discovery.

1.      **Scope and Subject Matter**.  Defendants object to Plaintiffs' Discovery Requests to the extent that they are overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

2.      **Privileged and Otherwise Protected Communications**.  Defendants object to Plaintiffs' Discovery Requests to the extent they seek the disclosure of information subject to the attorney-client privilege, work product doctrine, joint defense privilege, and any other applicable privileges or protections.  Defendants similarly object to any request which seeks information relating to the impressions, conclusions, or opinions of individuals which Defendants do not intend to produce as witnesses at the trial of this matter on the grounds that such information falls within the scope of the attorney/client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, is not reasonably calculated to lead to the discovery of admissible evidence, or is otherwise covered by the protections set forth in Rule 26 of the Federal Rules of Civil Procedure.

3.      **Third Parties and Sources**.  Defendants object to Plaintiffs' Discovery Requests to the extent they purport to impose obligations on Defendants beyond the requirements of the Federal Rules of Civil Procedure.  In particular, Defendants object to the Discovery Requests to the extent they purport to require Defendants to search the files or furnish information relating to third parties.  Defendants further object to the Discovery Requests to the extent they seek the disclosure of information that is already available to Plaintiffs, may be obtained from public agencies, or may be obtained as easily from third parties as from Defendants.

4.     **No Admission or Waiver**.  No offer in the future to produce documents shall be construed as: (i) an admission that the produced material is relevant; (ii) a waiver of any objection or applicable privilege; or (iii) an agreement that requests for similar documents will be treated in a similar manner.  Defendants specifically reserve all objections to the competency, relevancy, materiality, and admissibility of their responses in any subsequent proceeding, including, without limitation, the trial of this, or any other, action.  Inadvertent production of privileged or otherwise protected documents shall not constitute a waiver of any claim of privilege or other protection.

5.     **Vagueness and Ambiguity**.  Defendants object to Plaintiffs' Discovery Requests to the extent that they require them to speculate as to the information Plaintiffs seek.  Such Discovery Requests are vague, indefinite, ambiguous, and lack a readily discernible meaning.

6.     **Duplicative Discovery Requests**.  Defendants object to the individual interrogatories contained in Plaintiffs' Discovery Requests to the extent that they are frequently overlapping and redundant.

7.     **Right to Supplement and Amend**.  Defendants reserve the right to amend or supplement their responses and objections to Plaintiffs' Discovery Requests and to assert additional objections as warranted.  Defendants have not yet completed their investigation of the facts related to this action, have not yet completed discovery in this action, and have not yet completed their preparation for trial.  Accordingly, these responses are necessarily limited in nature and reflect only that information known to Defendants at this time.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify, pursuant to the definition of "identify" in the Definition section of these Interrogatories, the person supplying information for these Interrogatories on behalf of Defendants.  If more than one person supplied information, identify each such person and state for which specific Interrogatories and/or subpart(s) each such person supplied information.

**ANSWER**:                  Paul Bonacuse–President
                              Jennifer Walsh–Director of Operations

**INTERROGATORY NO. 2**:  Provide the wage and salary history for each Plaintiff, including their hourly rate(s) and the time period(s) during which they were paid each such hourly rate. For those who were paid different hourly rates based on the day(s) they worked, the work they performed, the facility/place where they worked, and/or based on how many hours they worked in a particular day, week, pay period or shift, please break down their hourly rate(s) by each hour of each day they worked for Defendant.

**ANSWER**:                  Defendants object to this Interrogatory to the extent that it seeks information outside the time period agreed upon by the parties at the February 26, 2013 status conference. Subject to and without waiving the General Objections or the foregoing specific objection, *see* documents produced in response to Plaintiffs' Second Request for Production of Documents Nos. 3 and 9.

**INTERROGATORY NO. 3**:  State whether Defendants classified each Plaintiff as "exempt" or "non-exempt" for purposes of the Fair Labor Standards Act and/or the Ohio Minimum Wage Act, and if a Plaintiff's exempt/non-exempt status changed at any time, state when it changed, what it changed to, and why it changed.

**ANSWER**:                  Defendants object to this Interrogatory to the extent that it seeks information outside the time period agreed upon by the parties at the February 26, 2013 status conference.  Subject to and without waiving the General Objections or the foregoing specific objection, Defendants state that, until late November 2011, upon advice of Defendants' franchisor, Defendants classified each of its caregivers as "exempt" from federal and state overtime requirements.  On or around November 29, 2011, upon the advice of counsel, Defendants reclassified those caregivers who work in assisted living facilities, independent living facilities, or skilled nursing facilities, as opposed to private homes, as "non-exempt" employees entitled to overtime compensation.

**INTERROGATORY NO. 4**:  List the job duties each Plaintiff actually performed on a daily or weekly basis.

**ANSWER**:   Defendants object to this Interrogatory to the extent that it is overly broad, unduly burdensome, and requires a narrative response better suited for a deposition. Further answering, the job duties each Plaintiff was asked to perform varied depending on the complex needs and desires of each elderly client. Subject to and without waiving the General Objections or the specific foregoing objections, Defendants state that, generally, caregivers provide companionship; run errands; prepare meals; assist clients in moving about their homes; and provide personal care, such as bathing, toileting, feeding, incontinence care, and grooming.

**INTERROGATORY NO. 5**: State whether or not each Plaintiff, in each position held by each Plaintiff, qualified for overtime pay pursuant to Defendants' policies, procedures and/or pay practices, and if their qualification for overtime pay changed at any time, state when it changed, what it changed to, and why it changed.

**ANSWER**:   Defendants object to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information outside the time period agreed upon by the parties at the February 26, 2013 status conference. Subject to and without waiving the General Objections or the foregoing specific objections, *see* response to Interrogatory No. 3.

**INTERROGATORY NO. 6**: State whether each Plaintiff received any overtime pay between August 1, 2009 and the present, and if so, state the amount of overtime pay received, and the dates and time periods for which each Plaintiff received overtime pay.

**ANSWER**:   Defendants object to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information outside the time period agreed upon by the parties at the February 26, 2013 status conference. Subject to and without waiving the General Objections or the foregoing specific objections, Defendants state that they properly compensated each Plaintiff for all hours worked. *See also* documents produced in response to Plaintiffs' Second Request for Production of Documents Nos. 3 and 9.

**INTERROGATORY NO. 7**: Provide the complete wage history for each Plaintiff, including the dates during which each Plaintiff earned a salary, the dates during which each Plaintiff earned an hourly wage, the salary and/or hourly rate for each Plaintiff in each position he/she held, the title held by each Plaintiff while in each of his/her hourly/salary rate(s), and the facility/facilities/home(s) where each Plaintiff worked on each day they worked for Defendant.

**ANSWER**:   *See* Response to Interrogatory No. 2.

**INTERROGATORY NO. 8**: Identify each of Defendants' employees or former employees whom Defendant and/or its agents/representatives has contacted regarding the claims in this case, and for each such employee and/or former employee, state the date and substance of each communication, and whether the statement was oral or written.

**ANSWER**:    Defendants object to this Interrogatory to the extent that it is overly broad, unduly burdensome, harassing, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9**:  During the period of August 1, 2009 through the present, identify each and every employee who complained to either/both Defendants about, or raised with either/both Defendants, any wage and/or hour issues, including but not limited to overtime pay, the minimum wage, and/or Defendants' method of calculating the amount of their pay, and describe the nature of each such complaint, the date on which each such complaint was made, to whom each such complaint was made, and how each such issue was resolved.

**ANSWER**:    Defendants object to this Interrogatory to the extent that it seeks information outside the time period agreed upon by the parties at the February 26, 2013 status conference, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the General Objections or the foregoing specific objections, Defendants state that no such complaints were made.

**INTERROGATORY NO. 10**:  Identify all persons who participated in establishing the compensation policies and procedures for Defendants' employees with respect to classifying employees as "exempt" or "non-exempt" from the overtime provisions of state and federal wage and hour laws.

**ANSWER**:    Defendants object to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.  Subject to and without waiving the General Objections or the foregoing specific objections, Defendants state that they develop their compensation policies and procedures in accordance with the advice and directives of their franchisor.

**INTERROGATORY NO. 11**:  Identify all persons who participated, at any and all times between August 1, 2009 and the present, in defining the duties and responsibilities of the various categories of caregivers who work in Defendants' Assisted Living facilities, Skilled Nursing facilities, Independent Living facilities, and/or Private Homes.

**ANSWER**:    Defendants object to this Interrogatory to the extent that it seeks information outside the time period agreed upon by the parties at the February 26, 2013 status conference, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the General Objections or the foregoing specific objections, Defendants state that the job duties and responsibilities each Plaintiff was asked to perform were not defined, and varied depending on the type of facility, and the complex needs and desires of each elderly client.

**INTERROGATORY NO. 12**: State the average hourly, weekly, monthly, and yearly rate of gross pay for each Plaintiff for each year from 2009 through the present.

**ANSWER**:  *See* documents produced in response to Plaintiffs' Second Request for Production of Documents Nos. 3 and 9.

**INTERROGATORY NO. 13**: Identify all of Defendants' employees who performed *any* of the job duties the Plaintiffs performed during their employment with Defendants, at any and all of its facilities and/or in private homes, at any and all times between January 1, 2009 and the present, and identify which employees performed which functions.

**ANSWER**:  Defendants object to this Interrogatory to the extent that it is overly broad, unduly burdensome, and harassing.  Further answering, the opt-in deadline has passed and, thus, information related to any employee other than the fifteen named Plaintiffs is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Finally, this Interrogatory seeks information outside the time period agreed upon by the parties at the February 26, 2013 status conference.

**INTERROGATORY NO. 14**: Identify each and every document consulted or reviewed in connection with preparation of the Answers to these Interrogatories.

**ANSWER**:  *See* documents produced in response to Plaintiffs' Second Request for Production of Documents Nos. 1, 2, 3, 8, 9, and 11.

**INTERROGATORY NO. 15**: Identify each and every document provided by Defendants in response to Plaintiff's Requests for Production of Documents herein below, including in your Answer the identity of the individual(s) who prepared each document and the date(s) on which each such document was prepared.

**ANSWER**:  Defendants object to this Interrogatory to the extent that the documents produced in response to Plaintiffs' Second Requests for Production of Documents speak for themselves.  Subject to the General Objections and the foregoing specific objection, Defendants state that they produced all relevant, non-privileged documents responsive to Plaintiffs' Requests for Production of Documents, including: payroll records from August 22, 2010 to December 31, 2010 [PAL0001—0049]; payroll records from January 1, 2011 to December 31, 2011 [PAL0050—0167]; payroll records from January 1, 2012 to December 31, 2012 [PAL0168—0218]; payroll records from January 1, 2013 to February 22, 2013 [PAL0219—0226]; summary payroll documents [PAL0227—0228]; schedules [PAL0229—1583]; CareGiver Guidelines [PAL1586—1588]; Employee Rights poster [PAL1589]; excerpts from CareGiver Policy Manual [PAL1590—1592]; and advertisements, notices, and postings used by Defendants to recruit caregivers [PAL1593—1605].

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:  All documents relating to Defendants' wage and/or hour policies and procedures, including but not limited to its overtime policies and procedures, and all amendments and updates thereto, in effect or in use at any and all times between August 1, 2009 and the present.

**RESPONSE**:          Defendants object to this Request to the extent that it is overly broad, unduly burdensome, and seeks disclosure of information outside the time period agreed upon by the parties at the February 26, 2013 status conference.  Subject to and without waiving the General Objections or the foregoing specific objections, Defendants state that all relevant, non-privileged documents are attached.

**REQUEST FOR PRODUCTION NO. 2**:  All documents and electronically stored information ("ESI") identified, referred to or relied upon in Defendants' Answers to these Interrogatories and/or in preparing such Answers.

**RESPONSE**:          All relevant, non-privileged documents are attached.

**REQUEST FOR PRODUCTION NO. 3**:  For each person identified in Defendants' Answer to Interrogatory no. 2, produce all offers of employment, payroll records, pay stubs, paychecks, workweek time records, timesheets/timecards and all other time records, job descriptions, assignment sheets, work schedules, call-in and call-out reports when such they travel from one work assignment to another, and all documents referring to their hourly rate(s), from August 1, 2009 through the present.

**RESPONSE**:          Defendants object to this Request to the extent that it is overly broad, unduly burdensome, and seeks disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.   Further answering, this Request seeks disclosure of information outside the time period agreed upon by the parties at the February 26, 2013 status conference.  Subject to and without waiving the General Objections or the foregoing specific objections, all relevant, non-privileged documents are attached.

**REQUEST FOR PRODUCTION NO. 4**:  All investigative reports, notes, memos, e-mails, records, and other documents pertaining to any and all complaints about any wage and/or hour issue in each of Defendants' facilities from August 1, 2009 through the present, and the results thereof.

**RESPONSE**:          Defendants object to this Request to the extent that seeks disclosure of information outside the time period agreed upon by the parties at the February 26, 2013 status conference, and seeks the disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

General Objections or the foregoing specific objections, no such responsive documents exist.

**REQUEST FOR PRODUCTION NO. 5**: All documents, including all correspondence, email and otherwise, reflecting communication between Defendants and their representatives, including, without limitation, its attorneys, relating to overtime wages and/or other wage compensation for employees who perform *any* caregiving work for Defendants in private homes, Assisted Living, Skilled Nursing and/or Independent Living facilities.

**RESPONSE**:    Defendants object to this Request to the extent that it is overly broad, unduly burdensome, harassing, and seeks the disclosure of information subject to the attorney-client privilege and/or work product doctrine. Further answering, the opt-in deadline has passed and, thus, documents related to any employee other than the fifteen named Plaintiffs are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6**:    All agreements for insurance under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action, or to indemnify or reimburse Defendants for payments made to satisfy a judgment in this case.

**RESPONSE**:    No such responsive documents exist.

**REQUEST FOR PRODUCTION NO. 7**:    All job descriptions and revisions thereto, that existed and/or existed at any and all times between August 1, 2009 and the present, pertaining to positions within Homewatch CareGivers that involve performing *any* caregiving functions.

**RESPONSE**:    Defendants object to this Request to the extent that is seeks disclosure of information outside the time period agreed upon by the parties at the February 26, 2013 status conference, and seeks the disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the General Objections or the foregoing specific objections, Defendants state all relevant, non-privileged documents are attached.

**REQUEST FOR PRODUCTION NO. 8**:    All advertisements, notices, postings and other documentation, from January 1, 2009 through the present, utilized by Defendants to recruit employees to perform any caregiving functions in private homes, Assisted Living, Independent Living, and/or Skilled Nursing facilities.

**RESPONSE**:    Defendants object to this Request to the extent that is seeks disclosure of information outside the time period agreed upon by the parties at the February 26, 2013 status conference, and seeks the disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

General Objections or the foregoing specific objections, all relevant, non-privileged documents are attached.

**REQUEST FOR PRODUCTION NO. 9**:  All documents reflecting the wage history for each person identified in Defendants' Answer to Interrogatory no. 2 hereinabove.

**RESPONSE**:        Defendants object to this Request to the extent that it seeks disclosure of information outside the time period agreed upon by the parties at the February 26, 2013 status conference.  Subject to and without waiving the General Objections or the foregoing specific objection, all relevant, non-privileged documents are attached.

**REQUEST FOR PRODUCTION NO. 10**:  All statistics and all other documents prepared by, and/or on behalf of, Homewatch CareGivers regarding the workweek hours of, and compensation for, any and all of Defendants' caregiving-related positions in private homes, Assisted Living, Independent Living, and/or Skilled Nursing facilities.

**RESPONSE**:        Defendants object to this Request to the extent that it seeks disclosure of information outside the time period agreed upon by the parties at the February 26, 2013 status conference, and seeks the disclosure of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the General Objections or the foregoing specific objections, no such responsive documents exist.

**REQUEST FOR PRODUCTION NO. 11**:  Any and all documentation establishing Defendants' compliance with the FLSA and/or Ohio's Wage and Hour Laws.

**RESPONSE**:        All relevant, non-privileged documents are attached.

**REQUEST FOR PRODUCTION NO. 12**:  All documents Defendants submitted to, and/or received from, any division of the United States Department of Labor regarding that agency's investigation and/or audit of Defendants' wage and/or hour practices.

**RESPONSE**:        No such responsive documents exist.

**REQUEST FOR PRODUCTION NO. 13**:  All documents Defendants submitted to, and/or received from, any division of the Ohio Department of Labor regarding that agency's investigation and/or audit of Defendants' wage and/or hour practices.

**RESPONSE**:        No such responsive documents exist.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**: Do you admit that all documents or other tangible items of any kind that Defendant produced to Plaintiffs during discovery are true and authentic copies kept in the ordinary, regular, and usual course of the business of Defendants?

**ANSWER**:          Admit.


**REQUEST FOR ADMISSION NO. 2**: If any documents or tangible items produced by Defendants in response to Plaintiffs' Request for Production of Documents are not admitted to be true and authentic and kept in the ordinary, regular, and usual course of Defendants' business, identify each such document or tangible item and state why Defendants are unable to admit the authenticity of such document or tangible item or why Defendants are unable to admit that each such document or tangible item was kept in the ordinary, regular and usual course of Defendants' business.

**ANSWER**:          N/A.


OF COUNSEL:

HAHN LOESER & PARKS LLP

As to objections,

*Amanda McHenry*

Richard T. Prasse (0024819)
James M. Drozdowski (0065215)
Amanda L. McHenry (0089146)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Fax: (216) 241-2824
Email: rtprasse@hahnlaw.com
        jmdrozdowski@hahnlaw.com
        amchenry@hahnlaw.com


*Attorneys for Defendants*
*Palladium Care, Inc. and Paul Bonacuse*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2013, I served the foregoing Defendants'

Responses and Objections to Plaintiff's Second Set of Interrogatories, Requests for Production of

Documents, and Requests for Admission by e-mail and regular U.S. Mail upon the following:

Caryn M. Groedel
Chastity L. Christy
Caryn Groedel & Associates Co., LPA
31340 Solon Road, Suite 27
Cleveland, OH 44139
cgroedel@groedel-law.com
cchristy@groedel-law.com

*Attorneys for Plaintiff*

*One of the Attorneys for Defendants*
*Palladium Care Inc. and Paul Bonacuse*

STATE OF OHIO ⟩
⟩ ss:
COUNTY OF Summit ⟩

## VERIFICATION

Paul Bonacuse, being first duly sworn, deposes and says that he has read the foregoing Defendants' Responses and Objections to Plaintiff's Second Set of Interrogatories and the same are true to the best of his/her knowledge.

DATED 4/22/2013          SIGNATURE _____

                         PRINTED NAME Paul Bonacuse

Sworn to me and subscribed in my presence this 22nd day of April 2013.



Ella M. Brenner
Resident Summit County
Notary Public, State of Ohio
My Commission Expires: 02/08/2016

NOTARY PUBLIC

CLEVELAN\5523195.1-AMCHENRY          13