UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY ROGERS, | ) | CASE NO.  5:11-cv-01103 |
| On behalf of herself | ) | |
| and all others similarly situated, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **PLAINTIFFS' REPLY** |
| vs. | ) | **TO DEFENDANTS' OPPOSITION TO** |
| | ) | **PLAINTIFFS' MOTION FOR LEAVE TO** |
| PALLADIUM CARE INC. *et al.*, | ) | **CONDUCT ESI DISCOVERY** |
| | ) | |
| Defendants. | ) | |

Plaintiffs, by and through counsel, hereby replies to Defendants' Opposition to Plaintiffs'

Motion for Conduct ESI Discovery and states as follows:

## I.    DEFENDANTS' FALSE STATEMENTS

**A**.    **Defendants' First False Statement**:   Defendants claim that Plaintiffs' counsel:

"abandoned her prior accusastion that the Defendants… and their
counsel were hiding 'missing' timesheets, and instead stated that she
would like to conduct electronic discovery to confirm that Defendants
have produced all electronic payroll records."  (Defts' Opp at 1.)

**The truth**:      Plaintiffs' counsel has not abandoned any of her oft-repeated requests

for discovery.  Plaintiffs' counsel has been seeking electronic payroll records since she first

propounded discovery on March 21, 2013.

### 1.    Plaintiffs' Counsel's First Request For All Payroll Records

#### a.    Plaintiffs' discovery requests

Plaintiffs' first set of discovery requests to Defendants, consisting of both

Interrogatories and Requests for Production of Documents ("RFPs"), among others:

## INTERROGATORIES:

**Plaintiffs' Interrogatory no. 2 stated**:  Provide the wage and salary history for each Plaintiff, including their hourly rate(s) and the time period(s) during which they were paid each such hourly rate.  For those who were paid different hourly rates based on the day(s) they worked, the work they performed, the facility/place where they worked, and/or based on how many hours they worked in a particular day, week, pay period or shift, please break down their hourly rate(s) by each hour of each day they worked for Defendant.

**Plaintiff's Interrogatory no. 6 stated**:   State whether each Plaintiff received any overtime pay between August 1, 2009 and the present, and if so, state the amount of overtime pay received, and the dates and time periods for which each Plaintiff received overtime pay.

**Plaintiff's Interrogatory no. 7 stated**:   Provide the complete wage history for each Plaintiff, including the dates during which each Plaintiff earned a salary, the dates during which each Plaintiff earned an hourly wage, the salary and/or hourly rate for each Plaintiff in each position he/she held, the title held by each Plaintiff while in each of his/her hourly/salary rate(s), and the facility/facilities/home(s) where each Plaintiff worked on each day they worked for Defendant.

**Plaintiff's Interrogatory no. 12 stated**:  State the average hourly, weekly, monthly, and yearly rate of gross pay for each Plaintiff for each year from 2009 through the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS:

**Plaintiffs' RFP no. 3 requested**:   For each person identified in Defendants' Answer to Interrogatory no. 2, produce all offers of employment, payroll records, pay stubs, paychecks, workweek time records, timesheets/timecards and all other time records, job descriptions, assignment sheets, work schedules, call-in and call-out reports when such they travel from one work assignment to another, and all documents referring to their hourly rate(s), from August 1, 2009 through the present.

**Plaintiffs' RFP no. 9 requested:**     All documents reflecting the wage history for each person identified in Defendants' Answer to Interrogatory no. 2 hereinabove.

**Plaintiffs' RFP no. 10 requested:**      All statistics and all other documents prepared by, and/or on behalf of, Homewatch CareGivers regarding the workweek hours of, and compensation for, any and all of Defendants' caregiving-related positions in private homes, Assisted Living, Independent Living, and/or Skilled Nursing facilities.

**Plaintiffs' RFP no. 11 requested:**      Any and all documentation establishing Defendants' compliance with the FLSA and/or Ohio's Wage and Hour Laws.

**Plaintiffs' RFP no. 12 requested:**      All documents Defendants submitted to, and/or received from, any division of the United States Department of Labor regarding that agency's investigation and/or audit of Defendants' wage and/or hour practices.

(Ex. 1.)

### 2.      Plaintiffs' Counsel's Second Request For All Payroll Records

On May 15, 2013, Plaintiffs' counsel transmitted a good faith discovery dispute letter to

defense counsel setting forth the documents that were not produced but which she needed in

order to calculate the Plaintiff's damages.  (Ex. 2.)

On May 20, 2014, defense counsel responded by letter stating that he would *not* be

providing the requested documents/information.   (Ex. 3.)

### 3.      Plaintiffs' Counsel's Third Request For All Payroll Records

On May 31, 2013, Plaintiffs' counsel filed a Discovery Status Report stating, in part:

**III.     PLAINTIFFS' SUGGESTED PLAN FOR MOVING FORWARD**
   **A.   The Court Should Order Defendants To Produce The Requested**
        **Documents Because They Are Required To Do So**

   Employers are **required** to turn over pay records free of charge and
   within 30 business days of being requested to do so, pursuant to
   Section 34a, Article II of the Ohio Constitution, and O.R.C. § 4111.14(G).
   The required records to be produced includes documents regarding
   employees' pay rate(s), the number of hours they worked each
   workday, and the total gross wages paid to them each pay period, for a

period of not less than three years from the last day they worked. Specifically, Section 34a states that employers must:

> …maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed. Such information shall be provided without charge to an employee or person acting on behalf of an employee upon request.

Thus, even though Plaintiffs' discovery requests to Defendants were propounded beyond the date set by this Court, Defendants are nonetheless required to turn over all of the payroll records requested, including Plaintiffs' **signed timesheets,** which Defendants were *supposed* to use to calculate what Plaintiffs' weekly earnings would be, but which were not used, and which were not produced in this case.

The fullest opportunity to obtain discovery should be permitted to allow the parties to fairly evaluate their case for settlement purposes.  As one court recently held, "One of the primary functions of discovery is to enable parties to enter settlement negotiations with an understanding of their chances of success at trial."  *Garvin v. Tidwell*, 4D11-2712, 2012 WL 5232224 (Fla. Dist. Ct. App. Oct. 24, 2012).  Preventing discovery prolongs the parties' ability to evaluate their respective positions about settlement.  The longer meaningful discovery is delayed, the longer it takes for parties to be able to evaluate the case for settlement purposes.  *Szitas v. Hill*, 2006-Ohio-687, 165 Ohio App. 3d 439, 446, 846 N.E.2d 919, 924.

Also, there is a presumption of fairness, adequacy, and reasonableness with a settlement amount reached after meaningful discovery when the parties had access to sufficient information to adequately evaluate the merits of the case. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005.) *See also*, *Flinn v. FMC Corp.*, 528 F.2d 1169 (4th Cir. 1975) (The fact that all discovery has been completed is important to determining the adequacy of a settlement amount, since it ordinarily assures sufficient development of facts to permit reasonable judgment on merits of case.)

(Doc. No. 58.)

### 4.    Plaintiffs' Counsel's Fourth Request For All Payroll Records

On June 3, 2013, Plaintiffs' counsel filed another Discovery Status Report with this Court

stating, in relevant part, that "Plaintiffs' Discovery Efforts Have Been Thwarted" and stating:

**A.    The Court Should Order Defendants To Produce The Requested Documents  Because They Are Required To Do So**

Employers are **required** to turn over pay records free of charge and within 30 business days of being requested to do so, pursuant to Section 34a, Article II of the Ohio Constitution, and O.R.C. § 4111.14(G). The required records to be produced includes documents regarding employees' pay rate(s), the number of hours they worked each workday, and the total gross wages paid to them each pay period, for a period of not less than three years from the last day they worked. Specifically, Section 34a states that employers must:

> …maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed.  Such information shall be provided without charge to an employee or person acting on behalf of an employee upon request.

Thus, even though Plaintiffs' discovery requests to Defendants were propounded beyond the date set by this Court, Defendants are nonetheless required to turn over all of the payroll records requested, including Plaintiffs' **signed timesheets,** which Defendants were *supposed* to use to calculate what Plaintiffs' weekly earnings would be, but which were not used, and which were not produced in this case.

**B.    Defendants Should Produce All Of The Requested Documents Even If They Were Not So Obligated By Section 34a, Article II of the Ohio Constitution, and O.R.C. § 4111.14(G)**

The fullest opportunity to obtain discovery should be permitted to allow the parties to fairly evaluate their case for settlement purposes. As one court recently held, "One of the primary functions of discovery is to enable parties to enter settlement negotiations with an understanding of their chances of success at trial."  *Garvin v. Tidwell*,

5

4D11-2712, 2012 WL 5232224 (Fla. Dist. Ct. App. Oct. 24, 2012).
Preventing discovery prolongs the parties' ability to evaluate their
respective positions about settlement.  The longer meaningful discovery
is  delayed, the longer it takes for parties to be able to evaluate the case
for settlement purposes.  *Szitas v. Hill*, 2006-Ohio-687, 165 Ohio App.
3d 439, 446, 846 N.E.2d 919, 924.

Also, there is a presumption of fairness, adequacy, and
reasonableness with a settlement amount reached after meaningful
discovery when the parties had access to sufficient information to
adequately evaluate the merits of the case.  *Frank v. Eastman Kodak
Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005.) *See also, Flinn v. FMC Corp.*,
528 F.2d 1169 (4th Cir. 1975) (The fact that all discovery has been
completed is important to determining the adequacy of a settlement
amount, since it ordinarily assures sufficient development of facts to
permit reasonable judgment on merits of case.)

(Doc. No. 61.)

### 5.      Plaintiffs' Counsel's Fifth Request For All Payroll Records

On August 6, 2013, Plaintiffs' counsel filed a Motion for Sanctions (Doc. No.

78) stating, in relevant part:

**Defendants Have Violated Their Legally Mandated Document Retention
Requirements**

Plaintiffs claim in this case that Defendants did not pay them overtime
wages for hours they worked in excess of forty (40) per week.  (Doc. 3, First
Amended Complaint.)  **The only way to  calculate Plaintiffs' lost overtime
wages is by comparing *the hours they actually worked with their paystubs
or other proof of what they were actually paid.*  And the only way to
determine the actual hours they worked is by reviewing the timesheets
*they personally submitted to Defendants each week.***   (Emphasis added.)

Employers are required by the Fair Labor Standards Act ("FLSA") to maintain
and retain employee time records.  Defendants' failure to do so for these
Plaintiffs violates §§ 211(c) and 215(a)(5) of the FLSA, which require them to
make, keep and preserve adequate and accurate time records pertaining to
their employees, and of the wages, hours and other conditions and
practices of employment maintained by them, as prescribed by regulations
(29 C.F.R. § 516) issued by the Administrator of the Wage and Hour and
Public Contracts Division of the U.S. Department of Labor.

\* \* \* \* \* \* \* \* \*

### D. Defendants Violated Their Obligations To Identify Hourly Rates

29 C.F.R. § 516 requires employers to maintain records of "all tables or schedules of the employer which provide the piece rates or other rates used in computing straight-time earnings, wages, or salary, or overtime pay computation."  **Defendants violated this statute by failing to identify on any time record and/or on any payroll record**, what the Plaintiffs' hourly rate of pay is.  They have apparently done this so that Plaintiffs are unable to determine if they are being correctly compensated for the hours they work.  In fact, if this Court were to peruse the records produced by Defendants, the Court, too, would be unable to determine the specific hours Plaintiffs worked and what their hourly rate was.  (See, *e.g.,* Ex. 11, Payroll Detail Report.)

II.    **DEFENDANTS FAIL TO ESTABLISH THAT THEY MAINTAINED THE RECORDS THEY ARE REQUIRED TO MAINTAIN AND/OR THAT THEY PROVIDED THE REQUIRED RECORDS TO PLAINTIFFS' COUNSEL**

Defendants' Opposition cites to case and statutory law but fails to address the

information and documents that they have NOT maintained and/or produced:  "accurate time

records pertaining to their employees, and of the wages, hours and other conditions and practices of

employment maintained by them, as prescribed by regulations (29 C.F.R. § 516) issued by the

Administrator of the Wage and Hour and Public Contracts Division of the U.S. Department of Labor."

If Defendants *had* produced these documents as they are statutorily required to do, they

certainly would have identified for the Court the Bates numbers of those documents.  Instead, all

Defendants state is that the statutorily required documents and information "can be found in

Palladium's records."  (Defts' Opp. at 4.)

### III.     PLAINTIFFS' NEED FOR THE ESI DISCOVERY AND RELEVANT CASE LAW

Metadata/ESI is necessary in this case in light of the inconsistencies and gaps in Defendants' correspondence to Plaintiffs' counsel, discovery responses, and statements to this Court, as well as their failure to preserve relevant and statutorily-mandated wage records.

Defendants contend that they have produced all relevant files/documents and that they have no others.  Plaintiff argues that Defendants were (a) required to maintain more records than they have produced, (b) required to produce the records pursuant to Plaintiffs' discovery requests and numerous documents filed with this Court requesting that Defendants produce the documents they are statutorily required to maintain and produce to Plaintiffs upon their request.

Rule 26(b)(1) provides that a party:

> may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, .... For good cause, the court may Order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2) (I), (ii), and (iii).

Discrepancies or inconsistencies in the responding party's discovery responses may justify a party's request to allow an expert to create and examine a mirror image of a hard drive.  *See Simon Prop. Group L.P. v. mySimon, Inc.,* 194 F.R.D. 639, 641 (S.D.Ind.2000) (allowing plaintiff to mirror image defendant's computers where there were "troubling discrepancies with respect to defendant's document production").

Imaging is permitted when the opponent's document production has been inadequate and a search of the opponent's computer could recover relevant and/or deleted matter.  *Simon*

*Property Group, LP v. MySimon, Inc.*, 194 F.R.D. 639, 640-41 (S.D.Ind.2000) (allowing imaging on a finding of "troubling discrepancies" in the opponent's document production); *Playboy Enter., Inc. v. Welles*, 60 F.Supp.2d 1050 (S.D.Cal.1999) (allowing imaging on a finding of systematic deletion of relevant e-mails); *Cornwall v. N. Ohio Surgical Ctr.*, 185 Ohio App.3d 337, 339 (6th Dist. 2009) (permitting copying of hard drives of physician's computers in wrongful death action).

In *Bennett v. Martin*, 186 Ohio App.3d 412, 425-26, 928 N.E.2d 763, 774 (10th Dist. 2009), the court held that the trial court did not abuse its discretion in ordering the production of forensic copies of computer hard drives as a sanction for defendants' violation of court orders regarding production of documents because defendants proved themselves untrustworthy to produce documents in compliance with the court orders.  To ensure obedience with its orders, the trial court ordered forensic imaging, which prevented defendants from withholding information.  The court stated:

> In determining whether the particular circumstances justify forensic imaging, a court must consider whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for the requested information, and the extent to which the responding party has complied with discovery requests.  *Henderson v. U.S. Bank, N.A.* (Apr. 29, 2009), E.D.Wis. No. 08C0839, 2009 WL 1152019, at *2; *Bianco v. GMAC Mtge. Corp.* (Oct. 22, 2008), E.D.Pa. No. 07–4650, 2008 WL 4661241, at *2; *Williams v. Mass. Mut. Life Ins. Co.* (D.Mass.2005), 226 F.R.D. 144, 146.

Moreover, in *Bennett*, the court stated, "When a requesting party demonstrates either discrepancies in a response to a discovery request or the responding party's failure to produce requested information, the scales tip in favor of compelling forensic imaging."  *Id.* at 426. (Citing *White v. Graceland College Ctr. for Professional Dev. & Lifelong Learning, Inc.*, D.Kan. No.

07–2319–CM, 2009 WL 722056, at *7 (Mar. 18, 2009); *Diepenhorst v. Battle Creek*, W.D.Mich.

No. 1:05–CV–734, 2006 WL 1851243, at *3 (June 30, 2006); *In re Weekley Homes, L.P.*, 52 Tex.

Sup.Ct. J. 1231, 295 S.W.3d 309 (2009).)

The following records were requested by Plaintiffs' counsel but not produced by

Defendants:

> ➢ Plaintiffs' payroll records and all other statutorily required information (accurate
>
>   time records pertaining to their employees, and of the wages, hours and other
>
>   conditions and practices of employment maintained by them, as prescribed by
>
>   regulations (29 C.F.R. § 516) issued by the Administrator of the Wage and Hour and
>
>   Public Contracts Division of the U.S. Department of Labor");  and
>
> ➢ Answers and documents responsive to the Interrogatories and RFPs described
>
>   hereinabove, **including Plaintiffs' paystubs**.

Since Defendants have failed to do produce them in the more than 12 months since

they were first requested, Plaintiffs have no other way to access or obtain the information

other than through an ESI search of Defendants' electronic records.

These records will establish that the Defendants have a practice of failing to pay

Plaintiffs for all of the hours they work and fail to pay them overtime wages when they work in

excess of 40 hours per work week.

## IV.     NEWLY PRODUCED EVIDENCE

Defendants are *still* producing documents they previously told this Court did not exist,

or that they had already produced.  In fact, Defendants just produced more discovery to

Plaintiffs' counsel--on **March 26, 2014**.  (Ex. 4.)  Their ever-changing discovery responses, their

misrepresentations to this Court, the documents they claim are missing that they are required

by statute to maintain, are all reasons for this Court to allow Plaintiffs to engage in ESI

discovery.

**V.      CONCLUSION**

Wherefore, Plaintiff respectfully requests that her Motion for Leave to Conduct ESI be

granted.

Respectfully submitted,

   /s/   Caryn M. Groedel
Caryn M. Groedel (0060131)
cgroedel@groedel-law.com
CARYN GROEDEL & ASSOCIATES CO., LPA
31340 Solon Road, Suite 27
Cleveland, OH  44139
Telephone:  440-544-1122
Facsimile:   440-996-0064
One of the Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

This will certify that the foregoing was filed electronically this 31st day of March, 2013.
Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.
Parties may access this filing through the Court's system.

  /s/ Caryn M. Groedel
One of the Attorneys for Plaintiff