UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY ROGERS | ) | CASE NO. 5:11-cv-01103 |
| | ) | |
| On behalf of herself | ) | JUDGE JOHN R. ADAMS |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFF'S SECOND SET OF** |
| | ) | **INTERROGATORIES, REQUESTS FOR** |
| vs. | ) | **PRODUCTION OF DOCUMENTS, AND** |
| | ) | **REQUESTS FOR ADMISSION TO** |
| PALLADIUM CARE, INC., *et al.* | ) | **DEFENDANTS** |
| | ) | |
| Defendants. | ) | |

1.  Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, in answering the following Interrogatories, Requests for Production of Documents, and Requests for Admissions, you are to furnish all information available to you or subject to your reasonable inquiry including information in the possession of your agents, employees, attorneys, and other persons directly or indirectly employed by or connected with you, and anyone else otherwise subject to your control, and to serve your Answers, separately and fully in writing, **under oath**, upon Caryn M. Groedel, Esq., 31340 Solon Road, Suite 27, Cleveland, Ohio 44139, counsel for Plaintiffs, within **twenty-eight days** from the date of actual service of these Interrogatories and Requests for Production of Documents.

2.  In answering these Interrogatories, Requests for Production of Documents, and Requests for Admissions, you must make a diligent search of your records and other papers and materials in your possession or available to you or to your representatives. If the Interrogatory has sub-parts, answer each part separately and in full. If you are unable to answer in full any of these Interrogatories, respond in full to any of these Requests to Produce documents or Requests for Admission, you must answer and respond to them to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating the information, knowledge or belief you have concerning the unanswerable portion.



3. If the information requested is not known or reasonably available in the precise form and scope requested, or for the particular date or period specified, but can be supplied partially, in a modified form, or for a different but relevant date or period, set forth the best information available, a statement of the reasons why the answer is not completely responsive to the Interrogatory and/or Document Request, and the identity of any documents or sources from which more complete information is obtainable.

4. Whenever an Interrogatory or Document Request calls for information with respect to "each" one of a particular type of occurrence, communication, or other matter of which more than one exists, identify separately, **and in chronological order**, each instance of the occurrences, communications, or other matters referred to, and for each such instance provide all of the information requested immediately following such identification.

5. When an Answer to any of the Interrogatories or Document Requests may be made responsively by reference to an Answer to a prior Interrogatory or to a Document Request, identify the specific Interrogatory or Document Request response and each part thereof, by stating the appropriate number designation, sub-letter designation, or both, and the page upon which your previous response appears. **SHOULD YOU EXERCISE YOUR RIGHT UNDER FRCP 33 (c) to produce business records in lieu of answering an Interrogatory, identify each record "in sufficient detail to permit plaintiff to locate and to identify, as readily as can Defendants, the records from which the answer may be ascertained."** In other words, identify which documents being produced in lieu of a written response correspond to which specific Interrogatory by identifying the Interrogatory number and sub-part(s), to which each document is responsive.

6. To the extent you believe that any of the Interrogatories or Document Requests calls for information contained in documents or communications subject to a claim of confidentiality, trade secret, privilege, or work product, answer as much of the Interrogatory and subpart, or Document Request, as does not request, in your opinion, confidential, secret, privileged, or work product information, and identify each such document (including its date and the type of document it is) and communication, and set forth the basis for your claim of confidentiality, secrecy, or privilege with respect to the information which you refuse to furnish with sufficient specificity for Plaintiffs to understand the precise nature of your claim, so that Plaintiffs might exercise their right to challenge each such claim. With regard to each such document, state the date and type of document.

7. Each lettered subpart of a numbered Interrogatory and/or Request for Documents is to be considered a separate Interrogatory or Request for Documents for the purpose of objecting. To the extent you believe that any of the Interrogatories and/or Requests for Documents is objectionable, answer as much of each such Interrogatory and Document Request as is not, in your opinion, objectionable, and separately state the grounds for your objections to each Interrogatory, Interrogatory subpart, and Document Request, and Document Request subpart.

8. When referring to a conclusion, give all circumstances and facts upon which the conclusion is based or that relates to the conclusion.

9. In responding to each Interrogatory and/or Request for Documents, identify the person(s) consulted in preparing the particular response, and if different, the person(s) most familiar with the facts concerned.

10. You are requested to timely supplement your Answers to all Interrogatories regarding the identification of persons having knowledge of discoverable matters. Without being requested to do so, you must also amend any Answer when it is discovered to be no longer true. A failure to supplement is considered a knowing concealment.

11. When asked to "identify" or "for the identity" of any natural person, set forth (i) the full name and present or last-known business and residence addresses and business and residence telephone numbers of such person; (ii) his/her present or last-known business affiliation; (iii) his/her present and/or last known telephone number, with the area code prefix; (iv) **all of his/her known email addresses**; (v) his/her position with Homewatch CareGivers and/or other business affiliations; and (vi) his/her **date of birth**.

12. When asked to "identify" or "for the identity" of any entity other than a natural person, set forth its (i) full name or title; (ii) address, telephone number with area code; (iii) the date it was organized or incorporated, the jurisdiction under which it was organized or incorporated, and in the case of an entity other than a corporation, state the type of organization, the names of its members, and the date and place of its organization; and (iv) the identity of all persons who acted or who authorized another to act on their behalf in connection with the matters referred to.

13. When furnishing a copy of a document, "identify" the document and specify the Interrogatory and/or Document Request to which it corresponds. If a copy of a particular document is not available, then set forth (i) its date and general type of category (*e.g.*, letter, contract, memorandum); (ii) the identity of its author and each person who aided or assisted in its preparation, including persons who contributed information contained, or submitted for use, in such document; (iii) the identity of each addressee and other distribute to whom the document was directed/distributed and by whom it was received, read, or both; (iv) the identity of its last known location or custodian; (v) the reason(s) for the inability to locate such document and the circumstances of its unavailability; (vi) if the document is no longer in your possession or control and the circumstances of its disposition are known, set forth the date and circumstances of the disposition thereof, as well as the identity of the person or entity to whom custody or possession was given; (vii) its subject matter and substance; (viii) if the document is one of a series of two or more pages contained in a book, pamphlet, binder or folder, or in the case of magnetic tape, microfilm, printouts, etc., is contained in a portion thereof, include in your identification of such document any available numerical reference (or other available descriptive aid) to the particular pages and lines or other portion thereof at which the information referred to in said Interrogatory or Request for Documents or in your Answer thereto appears; and (ix) the subject matter and substance of any document of which a legible copy or other reproduction is annexed to the Answers to these Interrogatories or Request for Documents need not be stated.

14. When asked to "identify" or "for the identity" of an oral communication, set forth: (i) the date and place thereof, and in the case of a telephone conversation, also state the place(s) where the parties were located at the time thereof; (ii) the identity of each person participating in, or who was present during the communication, and/or otherwise heard such communication; (iii) the substance of each statement attributed to each person participating therein; and (iv) identify, in accordance with the prior requirements hereof, all documents that may have been prepared on the basis of, as a consequence of, and/or which contain information relative to the specific details, subject matter or substance thereof.

15. "Describe in detail," when the Answer refers to an **action** that does not pertain to a document or other written or oral communication, means to provide a description of the action, when, where, and how it occurred. "Describe in detail," when a **document or other written or oral communication** is referred to in your Answer, means to state:

    a. The type of document or other communication;
    b. The date made;
    c. The identity of all persons involved in the communication;
    d. The present location or possession of the document/writing/ recorded communication;
    e. The substance of the matter contained in the document or other communication;
    f. The facts that would tend to be established in evidence by each such document; and
    g. The name, address, telephone number, occupation, job title, and employer of each person whose testimony could be used to authenticate such document.

16. With respect to information that is not within your personal knowledge, state the name and address of every person from whom it was received, and if the source of the information is documentary, provide a full description of the document, including its location.

DEFINITIONS

A. The word "document" or "documents" refers to any printed, written, taped, recorded, graphic, computerized printout, or other tangible matter, from whatever source, however produced or reproduced, in draft or otherwise, whether sent, received, or neither, including but not limited to the original, a copy (if the original is not available), and all non-identical copies (whether different from the original because of notes made on, or attached to, such copy or otherwise), and any and all writings, correspondence, letters, telegrams, cables, telexes, contracts, proposals, agreements, minutes, acknowledgments, notes, memoranda, analyses, projections, work papers, books, forecasts or appraisals, papers, records, reports, diaries, statements, questionnaires, schedules, computer programs or data, books of account, calendars, graphs, charts, transcripts, tapes, transcripts or records, photographs, pictures or film, ledgers, registers, worksheets, summaries, digests, financial statements, and all other information, data, records, compilations,

4

including all underlying supporting or preparatory materials now in your possession, custody or control, and/or available to you, your counsel, accountants, agents, representatives and/or associates. "Document" or "documents" specifically includes documents kept by individuals in their desks, at home, or elsewhere. "Document" or "documents" also specifically **includes electronically storable information**, including machine searchable copies of electronic documents, electronic mail messages, electronic "instant" messages, databases, backup tapes, and all related metadata and prior versions, without limitation. All electronic information shall be produced in its original form (*e.g.*, emails shall be produced in their original form with metadata and attachments intact), or in a machine-searchable form if the original form is no longer possible.

      B.      The term "communication" or "communicate" includes information relating to all oral communications and "documents" (as defined above), whether or not a such documents, or the information contained therein, was transmitted by its author to any other person.

      C.      The term "Defendant" means each Defendant, jointly and severally.

      D.      The term "meeting" or "meetings" refers to any meeting of any agent, employee, board member, or combination of groupings of such agents, employees and/or board members, and includes requests for all tape recordings, written and/or other transcriptions of any such meetings, identifying the particular date, time, and substance of discussion at each such meeting, all decisions made at each such meetings, the identity of the individuals who participated in such decision, and the particular input each person at such meeting had as to the particular decision(s); requests for all tape recordings, written and/or other transcriptions of each such meeting, referencing by identification the particular date, time and substance of discussion at each such meeting, all decisions made at each such meeting, the identity of the individuals who participated in each such decision, and the particular input each person at such meeting had as to the particular decision.

      E.      "You" and "your" shall mean the named Defendants, their directors, officers, employees, and agents, attorneys, experts, investigators and/or persons acting, and/or purporting to act, on their behalf.

      F.      "Person" shall mean and include a natural person, partnership, firm, corporation, all other forms of business or legal entity, and its agents and/or employees.

      G.      "Complaint" shall mean any lawsuit; administrative charge or proceeding; arbitration; mediation; grievance or other formal or informal dispute resolution procedure; and formal and/or informal charge, complaint, or report created, maintained, and/or used by Defendants.

      H.      "Produce" means produce in the document's native format; *e.g.*, payroll records maintained in Microsoft Excel files should be produced in Excel files, not paper printouts.

## Instructions on Searching for and Production of Electronically Stored Information

1. Where ASCII search strings are sought, Defendants are directed to search for responsive ESI by running a system-wide keyword search using the ASCII search strings identified below in Plaintiff's ESI requests.

2. Where image files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for JPG, TIF, BMP, GIF, PNG and any other potentially responsive files, and produce such files.

3. Where recording files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for MPEG4, 3GPP, MOV, AVI, MP4, WebM, FLV, MP3, MPG, WMA, RA, WAV, AIFF, and any other potentially responsive files, and produce such responsive files.

4. Defendants are directed to produce in native format each responsive "hit" that results from a system-wide search. Federal case law requires system-wide key word searches. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 433 (S.D.N.Y. 2004).

5. E-mails must be produced in a standard file format such as .msg, .dbx, .eml or .pst. E-mails shall be produced so that the full header is accessible and readable and all metadata is maintained.

6. Digital files may be produced via e-mail to the email address below or by delivering a disk to the undersigned address.

7. Native paper documents may be produced as scanned .tif or .pdf files (by email or on disk), or may be produced as paper copies.

8. All electronically stored information must be produced in its native format. That means that a document which was originally created as a Microsoft Word file or an Excel spreadsheet must be produced as a .doc or .xls file (or successor), without redaction of metadata.

**When answering these Interrogatories and Document Requests as they pertain to the Plaintiffs who have already opted in to this litigation, please provide responsive information and documentation for the period of three (3) years before they opted in through the date of the filing of their Opt-In Notice.**

## INTERROGATORIES

1.  Identify, pursuant to the definition of "identify" in the Definition section of these Interrogatories, the person supplying information for these Interrogatories on behalf of Defendants. If more than one person supplied information, identify each such person and state for which specific Interrogatories and/or subpart(s) each such person supplied information.
ANSWER:


2.  Provide the wage and salary history for each Plaintiff, including their hourly rate(s) and the time period(s) during which they were paid each such hourly rate. For those who were paid different hourly rates based on the day(s) they worked, the work they performed, the facility/place where they worked, and/or based on how many hours they worked in a particular day, week, pay period or shift, please break down their hourly rate(s) by each hour of each day they worked for Defendant.
ANSWER:


3.  State whether Defendants classified each Plaintiff as "exempt" or "non-exempt" for purposes of the Fair Labor Standards Act and/or the Ohio Minimum Wage Act, and if a Plaintiff's exempt/non-exempt status changed at any time, state when it changed, what it changed to, and why it changed.
ANSWER:


4.  List the job duties each Plaintiff actually performed on a daily or weekly basis.
ANSWER:


5.  State whether or not each Plaintiff, in each position held by each Plaintiff, qualified for overtime pay pursuant to Defendants' policies, procedures and/or pay practices, and if their qualification for overtime pay changed at any time, state when it changed, what it changed to, and why it changed.
ANSWER:

6. State whether each Plaintiff received any overtime pay between August 1, 2009 and the present, and if so, state the amount of overtime pay received, and the dates and time periods for which each Plaintiff received overtime pay.
ANSWER:


7. Provide the complete wage history for each Plaintiff, including the dates during which each Plaintiff earned a salary, the dates during which each Plaintiff earned an hourly wage, the salary and/or hourly rate for each Plaintiff in each position he/she held, the title held by each Plaintiff while in each of his/her hourly/salary rate(s), and the facility/facilities/home(s) where each Plaintiff worked on each day they worked for Defendant.
ANSWER:


8. Identify each of Defendants' employees or former employees whom Defendant and/or its agents/representatives has contacted regarding the claims in this case, and for each such employee and/or former employee, state the date and substance of each communication, and whether the statement was oral or written.
ANSWER:


9. During the period of August 1, 2009 through the present, identify each and every employee who complained to either/both Defendants about, or raised with either/both Defendants, any wage and/or hour issues, including but not limited to overtime pay, the minimum wage, and/or Defendants' method of calculating the amount of their pay, and describe the nature of each such complaint, the date on which each such complaint was made, to whom each such complaint was made, and how each such issue was resolved.
ANSWER:


10. Identify all persons who participated in establishing the compensation policies and procedures for Defendants' employees with respect to classifying employees as "exempt" or "non-exempt" from the overtime provisions of state and federal wage and hour laws.
ANSWER:


11. Identify all persons who participated, at any and all times between August 1, 2009 and the present, in defining the duties and responsibilities of the various categories of

8

caregivers who work in Defendants' Assisted Living facilities, Skilled Nursing facilities, Independent Living facilities, and/or Private Homes.
ANSWER:


12. State the average hourly, weekly, monthly, and yearly rate of gross pay for each Plaintiff for each year from 2009 through the present.
ANSWER:


13. Identify all of Defendants' employees who performed *any* of the job duties the Plaintiffs performed during their employment with Defendants, at any and all of its facilities and/or in private homes, at any and all times between January 1, 2009 and the present, and identify which employees performed which functions.
ANSWER:


14. Identify each and every document consulted or reviewed in connection with preparation of the Answers to these Interrogatories.
ANSWER:


15. Identify each and every document provided by Defendants in response to Plaintiff's Requests for Production of Documents herein below, including in your Answer the identity of the individual(s) who prepared each document and the date(s) on which each such document was prepared.
ANSWER:

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. All documents relating to Defendants' wage and/or hour policies and procedures, including but not limited to its overtime policies and procedures, and all amendments and updates thereto, in effect or in use at any and all times between August 1, 2009 and the present.
RESPONSE:

2. All documents and electronically stored information ("ESI") identified, referred to or relied upon in Defendants' Answers to these Interrogatories and/or in preparing such Answers.
RESPONSE:

3. For each person identified in Defendants' Answer to Interrogatory no. 2, produce all offers of employment, payroll records, pay stubs, paychecks, workweek time records, timesheets/timecards and all other time records, job descriptions, assignment sheets, work schedules, call-in and call-out reports when such they travel from one work assignment to another, and all documents referring to their hourly rate(s), from August 1, 2009 through the present.
RESPONSE:

4. All investigative reports, notes, memos, e-mails, records, and other documents pertaining to any and all complaints about any wage and/or hour issue in each of Defendants' facilities from August 1, 2009 through the present, and the results thereof.
RESPONSE:

5. All documents, including all correspondence, email and otherwise, reflecting communication between Defendants and their representatives, including, without limitation, its attorneys, relating to overtime wages and/or other wage compensation for employees who perform *any* caregiving work for Defendants in private homes, Assisted Living, Skilled Nursing and/or Independent Living facilities.
RESPONSE:

6. All agreements for insurance under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action, or to indemnify or reimburse Defendants for payments made to satisfy a judgment in this case.
RESPONSE:

7. All job descriptions and revisions thereto, that existed and/or existed at any and all times between August 1, 2009 and the present, pertaining to positions within Homewatch CareGivers that involve performing *any* caregiving functions.
RESPONSE:

8. All advertisements, notices, postings and other documentation, from January 1, 2009 through the present, utilized by Defendants to recruit employees to perform any caregiving functions in private homes, Assisted Living, Independent Living, and/or Skilled Nursing facilities.
RESPONSE:

9. All documents reflecting the wage history for each person identified in Defendants' Answer to Interrogatory no. 2 hereinabove.
RESPONSE:

10. All statistics and all other documents prepared by, and/or on behalf of, Homewatch CareGivers regarding the workweek hours of, and compensation for, any and all of Defendants' caregiving-related positions in private homes, Assisted Living, Independent Living, and/or Skilled Nursing facilities.
RESPONSE:

11. Any and all documentation establishing Defendants' compliance with the FLSA and/or Ohio's Wage and Hour Laws.
RESPONSE:

12. All documents Defendants submitted to, and/or received from, any division of the United States Department of Labor regarding that agency's investigation and/or audit of Defendants' wage and/or hour practices.
RESPONSE:

13. All documents Defendants submitted to, and/or received from, any division of the Ohio Department of Labor regarding that agency's investigation and/or audit of Defendants' wage and/or hour practices.
RESPONSE:

## REQUESTS FOR ADMISSIONS

1. Do you admit that all documents or other tangible items of any kind that Defendant produced to Plaintiffs during discovery are true and authentic copies kept in the ordinary, regular, and usual course of the business of Defendants?
ANSWER:

2. If any documents or tangible items produced by Defendants in response to Plaintiffs' Request for Production of Documents are not admitted to be true and authentic and kept in the ordinary, regular, and usual course of Defendants' business, identify each such document or tangible item and state why Defendants are unable to admit the authenticity of such document or tangible item or why Defendants are unable to admit that each such document or tangible item was kept in the ordinary, regular and usual course of Defendants' business.
ANSWER:

/s/ Caryn M. Groedel
Caryn Markowitz Groedel (0060131)
cgroedel@groedel-law.com
CARYN GROEDEL & ASSOCIATES CO., LPA
31340 Solon Road, Suite 27
Cleveland, OH 44139
Phone: 440-544-1122
Fax: 440-996-0064
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent *via* email (jmdrozdowski@hahnlaw.com) this 21st day of March, 2013, to James M. Drozdowski, Esq., Hahn Loeser & Parks, LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114, counsel for Defendants.

/s/ Caryn M. Groedel
One of the Attorneys for Plaintiff